O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

link #19

CIVIL MINUTES - GENERAL

| Case No. | CV 08-7051 PSG (MANx) | Date | December 2, 2008 |
|---|---|---|---|
| Title | Tonya M. Davillier v. Ronald David Perlstein | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| Wendy K. Hernandez | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Ruling on Defendants' Motion to Dismiss

I. BACKGROUND

On October 24, 2008, Plaintiff Tonya M. Davillier ("Plaintiff"), appearing on behalf of herself, filed a Complaint against Defendants Ronald Perlstein, Judith Ellen Perlstein, Perlstein Trust of 1982 dated 2/1/82 restated, Danco, Inc., Mary Navarro, Stephanie Cortez, Western Fidelity Trustees, and Kathleen Dimeo Herrera (collectively, "Defendants"). Then, on November 14, 2008, Defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. That same day, Plaintiff filed a First Amended Complaint ("FAC"). Subsequently, the Court found that Defendants' motion was rendered moot because Plaintiff had filed a FAC. Shortly thereafter, Defendants' filed a second Motion to Dismiss the FAC for Lack of Subject Matter Jurisdiction.

II. DISCUSSION

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #19**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7051 PSG (MANx) | Date | December 2, 2008 |
|---|---|---|---|
| Title | Tonya M. Davillier v. Ronald David Perlstein | | |

On November 14, 2008, Plaintiff filed her FAC. In her FAC Plaintiff adds two new federal claims, which she brings under 18 U.S.C. §§ 1342-42 (mail fraud) and 18 U.S.C. § 1964(c) (RICO). For the reasons that follow, the Court finds that this FAC fails to comply with the Federal Rules of Civil Procedure and the Local Rules.

Rule 15 of the Federal Rules of Civil Procedure provides that a plaintiff has the right to amend her complaint once "as a matter of course" any time before a responsive pleading is served. *See* Fed. R. Civ. P. 15(a)(1)(A). However, Rule 15(a) requires an "amended pleading," not simply an amendment to a pleading. Further, the Local Rules require that an amended pleading be complete in itself, and not incorporate by reference allegations or exhibits in the original pleading. *See* Local R. 15-2 ("Every amended pleading filed as a matter of right . . . shall be complete including exhibits. The amended pleading shall not refer to the prior, superseded pleading.").

Plaintiff's FAC consists of three pages, one of which is the caption page. The other two pages contain only the two new federal question claims. From the caption page, it appears that Plaintiff intends for the Court to simply add these two new claims to her prior Complaint, perhaps by stapler or paperclip. But this the Court cannot do. Although *pro se* plaintiffs are generally afforded some leeway in litigating cases in federal court, "*[p]ro se* litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**link #19**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 08-7051 PSG (MANx) | Date | December 2, 2008 |
|---|---|---|---|
| Title | Tonya M. Davillier v. Ronald David Perlstein | | |

567 (9th Cir. 1987). It was incumbent upon Plaintiff to ensure that the FAC was complete in itself. *See* Fed. R. Civ. P. 159(a)(1)(A); Local R. 15-2. Her failure to do renders her FAC procedurally improper. As such, it is stricken from the record.

III.     CONCLUSION

Because Plaintiff failed to comply with the Federal Rules of Civil Procedure and the Local Rules, the Court strikes her FAC from the docket. Plaintiff is granted **21 days** to file a FAC in compliance with the aforementioned rules of procedure.

Additionally, because the FAC is stricken from the docket, Defendants' second Motion to Dismiss for Lack of Subject Matter Jurisdiction is rendered moot.


**IT IS SO ORDERED.**